## W. R. MITCHELL v. PHILA. W. & B. R. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 23, 1890—Decided February 3, 1890.

A boy, between nine and ten years of age, walking along a railroad, not at a public crossing or any place where he had a right to be, was injured

Arguments.

by being struck by an unloaded and unattached car, immediately after stepping upon the track : being a mere trespasser, he was not entitled to recover damages therefor.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-LUM and MITCHELL, JJ.

No. 13 January Term 1890, Sup. Ct.; court below, No. 77 December Term 1887, C. P. No. 4.

On December 10, 1887, William R. Mitchell, by his next friend William C. Mitchell, brought trespass against the Philadelphia, Wilmington & Baltimore Railroad Co., to recover damages for personal injuries.    Issue.

At the trial on January 17, 1889, it was shown in the case of the plaintiff, as was claimed from the testimony, that he was nine years and six months old on May 13, 1886, and lived with his parents on the line of the defendant's railroad, at Morton, Delaware county; that on the day stated, while walking on the ends of the ties of one of the tracks, near his home, he was knocked down and run over by two empty flat cars which were moving by their own momentum, there being no engine attached; that the cars were in charge of a brakeman, no warning of any kind was given, and the brakeman was looking in his direction.

At the close of the plaintiff's testimony, on motion of the defendant, the court, ARNOLD, J., ordered that judgment of nonsuit be entered, with leave, etc.    A rule to show cause why the judgment should not be vacated having been discharged, after argument before the court in banc, the plaintiff took this appeal, assigning the entry of said judgment and the refusal to vacate it as error.

*Mr. Henry A. McMurrow* (with him *Mr. Maxwell Stevenson*), for the appellant.

Counsel cited: Phil. etc. R. Co. v. Spearen, 47 Pa. 300; Kay v. Penna. R. Co., 65 Pa. 269; Penna. R. Co. v. Lewis, 79 Pa. 33; Penna. Co. v. James, 81* Pa. 194; Penna. R. Co. v. Morgan, 82 Pa. 135; Phil. etc. R. Co. v. Troutman, 11 W. N. 453; Smith v. O'Connor, 48 Pa. 218; North Penna. R. Co. v. Mahoney, 57 Pa. 187; Phil. etc. Ry. Co. v. Hassard, 75 Pa. 367; Nagle v. Railroad Co., 88 Pa. 35; Erie City Pass. Ry. Co. v. Schuster, 113 Pa. 412; Lombard etc. Ry. Co. v. Steinhart, 2

Penny. 358; Strawbridge v. Bradford, 128 Pa. 200; Woodbridge v. Railroad Co., 105 Pa. 460.

*Mr. David W. Sellers*, for the appellee.

Counsel cited: Mulherrin v. Railroad Co., 81 Pa. 375; Pittsb. etc. Ry. Co. v. Collins, 87 Pa. 405; Moore v. Penna. R. Co., 99 Pa. 301; Flower v. Penna. R. Co., 69 Pa. 210; Hestonville Ry. Co. v. Connell, 88 Pa. 520; Duff v. Railroad Co., 91 Pa. 458; Cauley v. Railway Co., 95 Pa. 398; s. c. 98 Pa. 498; Balt. etc. R. Co. v. Schwindling, 101 Pa. 258; Taylor v. Canal Co., 113 Pa. 162.

PER CURIAM:

We are of opinion that the compulsory nonsuit in this case was entirely justified by the evidence. The plaintiff, at the time he was injured, was between nine and ten years of age. He was not upon the railroad at any public crossing, or any place where he had a right to be. He was a mere trespasser. He was walking between the tracks; and, to avoid some water lying there, stepped upon the end of the ties, and was struck by a car after he had walked about three steps. This is his own account of the accident, and we need go no further. The car was a low, unloaded brick car, without an engine attached; and, if the man on the car saw plaintiff at all, he could hardly have anticipated that the boy would step on the track just in front of the moving cars. Much as we regret the accident, we cannot hold the railroad company responsible, unless we lay down the broad principle that for every accident involving injury to life and limb some one must make compensation.

Judgment affirmed.